UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. 5: 21-135-DCR |
| ) | |
| V. ) | |
| ) | |
| THADDEUS ROSE, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Thaddeus Rose pleaded guilty to knowingly distributing visual depictions of a minor engaged in sexually explicit conduct using a means or facility of interstate commerce, that is, by computer over the internet, in violation of 18 U.S.C. § 2252(a)(2). [Record No. 6] His sentencing hearing is scheduled for April 8, 2022. Rose's Base Offense Level under the applicable United States Sentencing Guidelines ("USSG") is calculated to be 32, subject to multiple enhancements including one which was the subject of an earlier-filed objection. The defendant's Total Offense Level, after a reduction for acceptance of responsibility, is calculated to be 37.

The parties agreed in their written Plea Agreement that Rose's Base Offense Level would be increased by two levels under USSG § 2G2.1(b)(3) because he knowingly engaged in distribution. [Record No. 7, p. 4] Section 2G2.1(b)(3) states that if the defendant knowingly engaged in in distribution, his base offense level should be increased by two levels. Rose's counsel objected to the two-point enhancement under § 2G2.1(b)(3) after signing the Plea Agreement, asserting that, because his offense involves distribution of child pornography,

- 1 -

adding the enhancement for knowingly engaging in distribution constitutes double counting. The United States disagrees. It asserts that the two-level enhancement under § 2G2.1(b)(3) does not constitute double counting and that objecting to the enhancement is a breach of his plea agreement. The defendant later withdrew his objection after being asked to address the issue in a response. However, the Court finds it necessary to address the issue prior to proceeding with the sentencing hearing.

"Double counting 'occurs when precisely the same aspect of a defendant's conduct factors into his sentence in two separate ways.'" *United States v. Walters*, 775 F.3d 778, 782 (6th Cir. 2015) (quoting *United States v. Wheeler*, 330 F.3d 407, 413 (6th Cir. 2003)). Occasionally, double counting may be permissible when it "appears that Congress or the Sentencing Commission intended to attach multiple penalties to the same conduct." *United States v. Battaglia*, 624 F.3d 348, 351 (6th Cir. 2010). However, that is not the case here.

The United States Court of Appeals for the Sixth Circuit previously addressed -- and rejected -- the double counting argument Rose makes under a different, but similar sentencing enhancement. In *Walters*, the defendant appealed his sentence for possessing, receiving, and distributing child pornography in violation of 18 U.S.C. §§ 2252(a)(2) and 2252A(a)(5)(B). 775 F.3d. at 780. Among other things, Walters challenged the two-point enhancement for distribution under U.S.S.G. § 2G2.2(b)(3)(F) as impermissible double counting because it duplicates "the distribution element of his conviction under § 2252(a)(2)." *Id*. at 784. The Court clarified that the sentencing enhancement was not double counting because "distribution aggravates an offense under § 2252(a)(2) because it is more than the 'mere solicitation' of pornographic material by a defendant. U.S.S.G. § 2G2.2, cmt. n. 1. The distribution

enhancement is therefore distinct from sentencing for mere receipt under the statute." *Id*. As the Court further explained,

> Section 2252(a)(2) proscribes the knowing receipt or distribution of child pornography. . . the Guideline provides for an enhancement to the base offense level for offenses that involved the distribution of child pornography. Specifically, [§ 2G2.2(b)(3)(F)] dictates a two-level enhancement whenever an offense involved distribution[.] . . . This structure cannot be understood to address the harm associated with the distribution of child pornography in a base offense level . . . that applies equally to a variety of offenses, some involving distribution and others not. Rather, § 2G2.2 is structured so that the range of harms associated with distribution can be addressed through various enhancements.

*Id*. (citing *United States v. Clark*, 553 F. App'x 538, 539 (6th Cir. 2014)).

In *United States v. Davis*, the defendant raised the same double counting argument as the defendant in *Walters*. 659 F. App'x 864 (6th Cir. 2016). But the Sixth Circuit again rejected the argument, concluding that sending emails inviting others to view child pornography in an online account was sufficient to warrant the two-level enhancement and that the enhancement was not impermissible double counting. *Id*. at 866. The court further explained that § 2G2.2 and the associated base offense level do not completely account for the harm caused by distribution because distribution is not required for every conviction under 18 U.S.C. § 2252(a)(2). *Id*.

Under the above authority, this Court will apply the two-point enhancement under § 2G2.1(b)(3) for distribution, even though Rose's conviction is for distribution of child pornography. *Cf. United States v. Russell*, No. 21-5519, 2022 U.S. App. LEXIS 2159, at *3-4 (6th Cir. Jan. 24, 2022) ("[B]ecause both the criminal statute (18 U.S.C. § 2252(a)(2)) and the applicable Guidelines commentary (U.S.S.G. § 2G2.2, cmt. n.1) differentiate between receipt and distribution, a defendant may be convicted of a distribution offense and receive a

- 4 -

distribution enhancement without running afoul of the general prohibition on double counting."). Similar to the defendant in *Davis*, it is undisputed here that Rose e-mailed a target individual requesting to trade photographs and then sent sexually explicit images of a prepubescent female. [Record No. 7] This warrants the application of the two-level enhancement. Accordingly, it is hereby

**ORDERED** that, notwithstanding the defendant's earlier withdrawal of the objection, Defendant Thaddeus Rose's objection to the presentence report is **OVERRULED**.

Dated: April 5, 2022.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky